# Timur Zubaydullin, Esq.

244 Fifth Avenue, Suite T281, New York, NY 10001

(617) 803-8997 (phone) • (877) 357-9295 (fax) • TZLaw@yahoo.com

Timur Zubaydullin, Esq.
(*Licensed in NY & MA*)

August 12, 2021

<u>VIA ECF</u>

The Hon. Sanket J. Bulsara, U.S.M.J.
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    *Re:*    <u>*Vladov et al. v. Nabiullina*, No. 20-cv-4633-RRM-SJB</u>

        <u>Letter in response to Third-Party Defendant N.Y. Medical Health Care Diagnostics, P.C.'s request for a pre-motion conference for leave to file a Rule 12(e) motion</u>

Dear Judge Bulsara,

    My office represents Julia Nabiullina in this matter. This letter is submitted in response to the request by third-party defendant N.Y. Medical Health Care Diagnostics, P.C. ("NY Medical") for a pre-motion conference for leave to file Rule 12(e) motion.

    Ms. Nabiulllina is the defendant, plaintiff in counterclaim, and third-party plaintiff. She filed Answer and Counterclaim on February 5, 2021 (ECF 20) and Third-Party Complaint against three third-party defendants, including NY Medical, on February 19, 2021 (ECF 21). Plaintiff and defendant were referred to Court-annexed mediation, which was supposed to take place in March, but was postponed to May due to illness of plaintiff's prior counsel and appearance of new counsel. As the parties had a reasonable expectation at the time that mediation would resolve this matter, my client requested an extension for service of her Third-Party Complaint to June 30, 2021, with plaintiff's consent, which was allowed by the Court on May 14, 2021.

    When mediation did not end in resolution of this matter, Ms. Nabiullina obtained a waiver of service from third-party defendant Nova Diagnostics Inc. ("Nova") and served the two other third-party defendants. NY Medical retained counsel, who filed appearance on July 20, 2021 and requested extension to August 20, 2021 to respond to Third-Party Complaint, consented to by my client, which was granted by the Court. Third-party defendant Health Services Management Inc.

# Timur Zubaydullin, Esq.

has failed to appear and plead, and Ms. Nabiullina will be applying for entry of default against it under Fed. R. Civ. P. 55 and Local Civil Rule 55.1.

Nova is the only third-party defendant that has filed an Answer to Third-Party Complaint, on July 14, 2021 (ECF 38). In accordance with Fed. R. Civ. P. 15(a)(1)(B), my client amended her pleading and filed First Amended Third-Party Complaint Against Nova Diagnostics Inc., as a matter of course, within 21 days after service of Nova's responsive pleading, on August 4, 2021 (ECF 42). Third-Party Complaint was amended to include three additional claims against Nova under New York Labor Law.

First, a leave to file an amended pleading against Nova was not required under Rule 15(a), as it was filed within 21 days after service of Nova's responsive pleading. *See* Fed. R. Civ. P. 15, advisory committee's note on 2019 amendment ("Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit…"). NY Medical appears to interpret Rule 15 incorrectly.

Second, the amended third-party complaint is directed specifically at Nova. The exact name of the amended pleading is First Amended Third-Party Complaint Against Nova Diagnostics Inc. and the introductory statement specifies that Ms. Nabiullina submits the amended pleading against Nova. As for requested relief, Ms. Nabiullina specifies that she requests judgment on all claims against Nova. The amendment was prepared in such a way as to minimize changes to the original Third-Party Complaint, by adding additional claims, while specifying that it is submitted against one particular third-party defendant.

Since the amended pleading is directed against Nova and NY Medical is not required to respond, NY Medical is not a proper party to move for a more definitive statement. Ms. Nabiullina believes that her amended pleading is reasonably clear and does not require further clarification. If a more definitive statement is deemed to be required by the Court to clarify that the amended pleading is not directed at NY Medical, my client can further amend First Amended Third-Party Complaint Against Nova to remove any ambiguity.

To be transparent, my client does intend to file a separate amended third-party complaint against NY Medical after its service of a responsive pleading or a motion under Rule 12(b), (e) or (f), as permitted by Rule 15(a)(1)(B). In the amended complaint, she intends to assert same three additional claims against NY Medical under New York Labor Law and, potentially, address other issues that she may have not considered, which is one of the intended purposes behind Rule 15. *See* Fed. R. Civ. P. 15, advisory committee's note on 2019 amendment ("This provision will force

# *Timur Zubaydullin, Esq.*

the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion [under Rule 12(b), (e) or (f)]. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. [Similarly, a] responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise.").

The undersigned counsel advised the attorney for NY Medical in a telephone conference, before NY Medical submitted its request for a leave, that First Amended Third-Party Complaint Against Nova Diagnostics Inc. is addressed solely to Nova and my client intends to file a separate amended third-party complaint against his client after receiving its responsive pleading or motion under Rule 12.  Requiring my client to file an amended third-party complaint against NY Medical *before* it files an answer or a proper Rule 12 motion to her original Third-Party Complaint could result in termination of the opportunity for my client to amend her pleading against NY Medical as a matter of course *after* it responds.

Ms. Nabiullina respectfully submits to the Court that the requested leave to file Rule 12(e) motion should not be granted to NY Medical because Ms. Nabiullina's subject amended pleading is not directed at NY Medical and therefore NY Medical is not a proper party to move for a more definitive statement.

Respectfully,

*/s/ Timur Zubaydullin*
Timur Zubaydullin, Esq.