

ngourari@pka-law.com
(212) 725-4423/(917) 331-0025

October 8, 2021

*(Via ECF)*

Hon. Judge Allyne R. Ross
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York Y 11201

    Re:    **Vladov et al v. Nabiullina et al v. Nova Diagnostics Inc. et al.**
            Docket Number: 1:20-cv-04633-ARR-SJB
            Letter Requesting Pre-Motion Conference for Leave to
            File a Motion to Dismiss Pursuant to FRCP 12(b)(6)

Dear Judge Ross,

    This firm represents plaintiffs Igor Vladov ("Vladov") and Applied Diagnostics, Inc., and third-party defendant, Nova Diagnostics, Inc. ("Nova") in the above referenced matter. In accordance with Your Honor's Individual Practices And Rules, it is respectfully requested that a pre-motion conference be scheduled in this matter.

## Procedural History

    On February 19, 2021, defendant/crossclaim plaintiff/third-party plaintiff, Julia Nabiullina ("Nabiullina") filed her Third-Party Complaint ("TPC") against Nova, Health Services Management Inc.("HSM") and NY Medical Health Care Diagnostic, P.C. ("NY Medical") alleging causes of action for (1) indemnification; (2) declaratory judgment; (3) breach of contract; (4) quantum meruit; (5) unjust enrichment; (6) promissory estoppel; and (7) fraud. (ECF #21).

    Thereafter, on June 30, 2021, a waiver of service was executed and filed on behalf of Nova (ECF #33). On August 4, 2021, Nabiullina filed the First Amended Third Party Complaint ("FATPC") against Nova. (ECF #42). Shortly thereafter, on August 11, 2021, NY Medical filed a letter requesting a premotion conference regarding its desire to file a motion for more definite statement. (ECF #43). Nabiullina filed a letter in response. (ECF #44). NY Medical's letter request was granted and a premotion conference was held on September 21, 2021, via video conference.

    During the September 21, 2021, counsel for Nabiullina indicated that the FATPC asserted claims only against Nova, not HSM or NY Medical and that Nabiullina intended to file amended claims against HSM and NY Medical. The court denied NY Medical's motion as moot and directed Nabiullina to file a second amended third party complaint by September 24, 2021.

    In accordance with the Court's order, on September 24, 2021, Nabiullina filed the Second Amended Third Party Complaint ("SATPC") against Nova, HSM and NY Medical (ECF #49). A review of the FATPC and the SATPC complaint reveals that Nabiullina essentially filed the same complaint.



ngourari@pka-law.com
(212) 725-4423/(917) 331-0025

## Legal Contentions

For the reasons set forth below, Nova requests that a pre-motion conference be scheduled in this matter and for leave to file a motion to dismiss pursuant to Rule 120(b)(6) of the Federal Rule of Civil Procedure ("FRCP")

### I. The SATPC Should be Dismissed

The SATPC should be dismissed in its entirety for failure to state a cause of action. Nabiullina improperly commingles allegations against all three third-party defendants. A complaint "is inadequate to state a claim" where it "does not allege a single fact connecting [a defendant] to the alleged [misconduct], but rather asserts only conclusions about 'defendants.' " *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014); *Mahoney v. Endo Health Sols., Inc.*, No. 15CV9841(DLC), 2016 WL 3951185, at *3 (S.D.N.Y. July 20, 2016). "[S]uch 'group pleading' fails to give each defendant fair notice of the claims against it, and, thus, fails to satisfy either the notice-pleading requirements of Rule 8 or the heightened pleading standard under Rule 9(b)." *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036 JS ETB, 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013) (internal quotation marks and citations omitted). Thus, the SATPC should be dismissed in its entirety.

### II. Counts IX and X Should be Dismissed

Nabiullina's Counts IX and X for violations of New York Labor Law should be dismissed for failure to state a cause of action. The SATPC is devoid of allegations that Nabiullina was employed by Nova, let alone any of the third-party defendants. The SATPC repeatedly states that Nabiullina provided professional services of the kind she provided to other customers of her business, NRJ Solutions, Inc. ("NRJ") Thus, any alleged work performed by Nabiullina was rendered on behalf of NRJ, not as any employee of Nova.

Moreover, the only references to Nabiullina's purported status as an employee are mere recitations of the elements of each cause of action (see SATPC, ¶74-92). It is well settled law that this is insufficient to state a cause of action. The pleading requirements require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, Counts IX and X for violation of New York Labor Law should be dismissed.

Accordingly, for the reasons set forth herein, Nova respectfully requests a pre-motion conference and leave to file a motion to dismiss.

## Additional Request for Conference

In addition, a conference is also requested to resolve a dispute concerning the 2016 Toyota Tacoma. Vladov paid $44,000.00 for the vehicle and continues to pay monthly storage fees because he cannot use the vehicle as Nabiullina previously improperly transferred title to her name alone. Despite repeatedly admitting that Vladov is in fact the owner of the vehicle, Nabiullina continues to refuse to transfer the title documents to Vladov's name. Nabiullina should be required to transfer title or in the alternative, repay Vladov the purchase price and storage fees.



ngourari@pka-law.com
(212) 725-4423/(917) 331-0025

  Attempts to resolve this issue have reached an impasse. Accordingly, Vladov is requesting a conference with the Court to resolve this issue.

  Thank you for your time and attention to this matter.

                Respectfully submitted,

                Natalia Gourari

CC: Counsel of Record via (ECF)