

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York
Tel: (718)-577-3261    Fax: (718)744-2455

October 12, 2021

Via ECF

Hon. Judge Allyne R. Ross
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**  Vladov et al v. Nabiullina et al v. Nova Diagnostics Inc. et al.
  Docket Number: **1:20-cv-04633-RRM-SJB**
  Letter Requesting Pre-Motion Conference for Leave to File a Motion to Dismiss for Failing to Join a Necessary Party under Rule 19; or in the Alternative for Leave to File a Motion to Dismiss Certain Causes of Action under Rule 12(b)(6).

Your Honor,

This Firm represents Third-Party Defendant N.Y. Medical Health Care Diagnostics, P.C ("NY Medical").

Pursuant to Your Honor's Individual Rules of Practice, I am writing this letter to request a pre-motion conference prior to filing Motion to Dismiss the Second Amended Third-Party Complaint for Failure to Join a Necessary Party pursuant to FRCP 19; or in the alternative to dismiss six of Third-Party Plaintiff's ten causes of action pursuant to FRCP 12(b)(6).

### Statement of Facts from Second Amended Third-Party Complaint ("SAC")

Nabiullina alleges that her and Igor Vladov were involved in a personal and professional relationship between 2013 and 2018. (SAC, ¶9) At the time prior to commencing personal and professional relationship, Nabiullina claims to have been gainfully employed in the healthcare field through the company she owned called NRJ Solutions, Inc. ("NRJ") (SAC ¶10).

Through NRJ, Nabiullina claims to have provided services to clients which included "recruiting clients, credentialing, accreditation, oversight of contracting and billing practices, compliance, project management" (SAC, ¶14)

Nabiullina alleges that Igor Vladov is a de-facto owner of the following companies: (1) Applied Diagnotics, Inc.; (2) Nova Diagnostics Inc.; and (3) NY Medical. (SAC ¶¶12, 15, 23).

Specifically, Nabiullina alleges that Igor Vladov became an owner of NY Medical sometime at the end of 2016, which Igor Vladov acquired by settling a debt. (SAC ⁋23)

Nabiullina further alleges that she provided professional work to Igor Vladov's companies, including to NY Medical, that she was not paid for. (SAC ¶ 33)

### I.   SAC must be dismissed for failing to join all necessary parties.

Under FRCP 19(a), a party is necessary where, in the person's absence, complete relief cannot be accorded among the already existing parties. In this case, NRJ Solutions, Inc. ("NRJ") is a necessary party. In the SAC, Nabiullina states that when her personal and business relationship began with Igor in 2013, she owned her own healthcare consulting, billing, and practice management company called NRJ. (SAC ¶ 10). Nabiullina allegedly used her resources at NRJ to help Igor open up his first company. (SAC ¶ 12) Because of Nabiullina's concurrent involvement with NRJ and Igor's business ventures, Nabiullina requests lost profits for NRJ because she split her time between NRJ and Plaintiffs' businesses. (SAC ¶¶ 65, 72). Nabiullina is requesting relief for NRJ, therefore, NRJ is a necessary party.

NRJ is also an indispensable party and so, the court must dismiss this action. Courts must consider the following factors to determine if a party is indispensable or not: (1) the extent the judgment in that party's absence might prejudice the existing parties; (2) the extent to which the prejudice can be lessened or avoided; (3) whether a judgment in their absence would be adequate; and (4) whether plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Viacom International v. Kearney, 212 F.3d 721,725 (2d Cir. 2000). If the court finds that the party is indispensable, then the court must dismiss the action. Id.

Nabiullina requests damages in the form of lost profits for her company NRJ, but fails to join NRJ as a necessary party. Any judgment in the absence of NRJ would be inadequate since Nabiullina is requesting relief on behalf of herself and NRJ. (SAC ¶¶ 65, 72).

In addition, this action must be dismissed because the joinder of NRJ as a party destroys diversity jurisdiction. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions that are between citizens of different states. In this case, all Third-Party Defendants are citizens of the State of New York; Nabiullina is a citizen of New Jersey; and NRJ's principal place of business is in Brooklyn, NY, which makes NRJ a citizen of New York for diversity purposes. 28 U.S.C. § 1332 (c).

Accordingly, pursuant to FRCP 19(a), Nabiullina's SAC must be dismissed for failing to join an indispensable party and in the alternative, the SAC must be dismissed pursuant to 28 U.S.C. § 1332(a) because the federal district court does not have complete diversity over the action if NRJ is joined as a necessary party

### II.   In the alternative, causes of action for (A) Indemnification; (B) Declaratory Judgment; (C) and Fraud must be dismissed for Failure to State a Claim under FRCP 12(b)(6)

A. <u>Nabiullina's Indemnification Cause of Action fails because there is neither an express contract or an implied obligation to indemnify</u>.

To obtain indemnification, the party must demonstrate either: (1) there is an express contract for indemnification; or (2) there is implied obligation to indemnify where there is a duty between the party that is found liable and the party from who indemnification is being sought. *Sumba v. Clermont Park Assoc*, 45 A.D.3d 671, 672 (2'd Dep't., 2007).

SAC does not plead existence of a written contract, so that leaves Nabiullina with as theory of implied indemnification. Implied indemnification theory fails as well.

Implied indemnification based on contract where third party defendant assumed "exclusive responsibility" for the duty to plaintiff that third-party plaintiff has allegedly breached" *U.S. v. Staten Island University Hospital*, 04-CV-2483, at *16 n.7 (E.D.N.Y. May 13, 2011) <u>quoting</u> *17 Vista Fee v. Teachers Ins*, 259 A.D.2d 75, 82 (1st Dep't. 1999)

There is nothing in Nabiullina's pleading to suggest an "exclusive responsibility" that NY Medical owes to Nabiullina.

B. <u>Declaratory Judgment Cause of Action fails because there is nothing in the SAC that would effect parties' future rights.</u>

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . ."

Courts in this district have interpreted this language to mean that the cause of action for Declaratory Judgment must affect future rights. <u>See</u> *LTTR Home Care, LLC v. City of Mount Vernon Indus. Dev. Agency*, No. 17-CV-9885 (KMK) (S.D.N.Y. Sep. 10, 2019) (" [Plaintiffs "do not ask for a judgment which would settle some dispute and thus affect the future behavior of [Defendants] towards . . . [P]laintiff[s]); <u>see also</u> ("To the extent Plaintiffs are seeking an advisory opinion with respect to the <u>past</u> conduct of Defendant, this court is without jurisdiction to provide such relief")

There is nothing in Nabiullina's pleadings to suggest that the Court needs to settle a dispute that would affect future behavior of the parties. In fact, SAC precludes that possibility because Nabiullin admits that both personal and professional relationship between Igor Vladov and herself ended in 2018 (SAC ¶ 32)

C. <u>Cause of Action for Fraud fails because: (i) the alleged fraud is not stated in particularity; (ii) plead justifiable reliance is not plead with sufficient facts; and (iii) plead damages for fraud are duplicative of those damages plead under breach of contract.</u>

Under New York law, the five elements of a fraud claim must be shown by clear and convincing evidence: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff. *Crigger v. Fahnestock and Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006).

3

> *i.    Nabiullina fails to include any particularities about the alleged fraud.*

To satisfy the particularity requirement of FRCP 9(b), a "complainant must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements" *Miller v. Holtzbrinck Publishers, LLC*, 08 Civ. 3508 (HB), at *4 (S.D.N.Y. Mar. 3, 2009) quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006).

SAC fails to identify which Third Party Defendant made each statement and when, and who is responsible for those statements. (SAC ¶¶ 69-71). Nabiullina failed to plead the "who" made the statements if anyone; "when" the statements were made, "where and how." See *Miller* at 6.

> *ii.   Nabiullina fails to include facts that would point to her justifiable reliance on the the alleged false statements.*

"[I]f the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." *ACA Galleries, Inc. v. Kinney*, 928 F. Supp. 2d 699, 703 (S.D.N.Y. 2013) quoting *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317 (1959)

Courts have found that failure to investigate bards a finding of a reasonable or justifiable reliance. Id. Here, Nabiullina fails to please any facts that point to her investigation any of NY Medical's oral claims (to the extent that any were made)

> *iii.  Nabiullina's fraud claims are wholly duplicative of her breach of contract claim.*

"A fraud -based cause of action is duplicative of a breach of contract claim when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract" *Mañas v. VMS Associates, LLC*, 53 A.D.3d 451, 453 (N.Y. App. Div. 2008) (internal quote omitted). In addition, the damages recoverable for a breach are different than damages recoverable for fraud. Id. at 454.

The types of damages Nabiullina suffered herein, are those damages recoverable should the alleged contract have been performed. (SAC ¶ 72)

For reasons set forth above, NY Medical is respectfully requesting leave to file its motion to dismiss.

Respectfully yours,

/s/ Kadochnikov

Alexander Kadochnikov

4