# Timur Zubaydullin, Esq.

244 Fifth Avenue, Suite T281, New York, NY 10001

(617) 803-8997 (phone) • (877) 357-9295 (fax) • TZLaw@yahoo.com

Timur Zubaydullin, Esq.
(*Licensed in NY & MA*)

November 5, 2021

<u>VIA ECF</u>

Hon. Judge Allyne R. Ross
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>*Vladov et al. v. Nabiullina*, No. 20-cv-4633-ARR-SJB</u>

<u>Letter in response to Third-Party Defendant N.Y. Medical Health Care Diagnostics, P.C.'s request for a pre-motion conference for leave to file a motion to dismiss for failure to join a necessary party under Rule 19, or in the alternative for leave to file a motion to dismiss certain causes of action under Rule 12(b)(6) (*ECF 51*)</u>

Dear Judge Ross,

My office represents Julia Nabiullina, who is the defendant, plaintiff in counterclaim, and third-party plaintiff in this case. Other parties that have appeared include plaintiffs and two third-party defendants, Nova Diagnostics, Inc. ("Nova") and N.Y. Medical Health Care Diagnostics, P.C. ("NY Medical").

Pursuant to Your Honor's Individual Practices and Rules, my client respectfully submits her response to third-party defendant NY Medical's letter requesting a pre-motion conference for leave to file a motion to dismiss Second Amended Third Party Complaint (ECF 49) ("SATPC") for failure to join a necessary party under Rule 19, or in the alternative to file a motion to dismiss certain causes of action under Rule 12(b)(6) (ECF 51).

For the reasons set forth below, Julia Nabiullina respectfully submits to the Court that her SATPC meets the pleading requirements of the Federal Rules of Civil Procedure, and that the legal contentions made by NY Medical as the basis for its proposed motion under Rule 12(b)(6) are not sufficient for dismissal of SATPC.

To the extent any specific claims in SATPC may fall short of the pleading requirements, Julia Nabiullina respectfully requests a leave of Court to further amend her third-party complaint pursuant to Fed. R. Civ. P. 15(a) to assert such additional required factual matters that may have been inadvertently omitted from SATPC.

1

*Timur Zubaydullin, Esq.*

---

### A. Legal standard on motion to dismiss

"Fed. R. Civ. P. 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding a motion to dismiss for failure to state a claim accepts all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021).

### B. NY Medical does not state sufficient legal grounds for dismissal of SATPC

#### I. NRJ is not a required party under Rule 19

Nabiullina alleges that she worked for third-party defendant Nova from late 2015 to 2018 (ECF 49, ¶¶ 15-17, 24, 30-32) and for the other third-party defendants, including NY Medical, from late 2016 to 2018 (*Id*., ¶¶ 22-24, 30-32). Nabiullina alleges that all third-party defendants together with plaintiff Applied Diagnostics Inc. comprised a business group owned and controlled by plaintiff Vladov ("Vladov's business"), connected by common ownership and similar services these companies provided (*Id*., ¶¶ 21, 23, 24, 33). Nabiullina alleges that she worked full-time for Vladov's business between December 2016 and May 2017 and part-time for a full year thereafter (*Id*., ¶¶ 24, 31, 32).

Nabiullina alleges that for a period of time starting before she met Vladov and continuing until early 2016, she operated a company, NRJ Solutions, Inc., that provided services to its own clients, which were "of the kind" that she personally provided for Vladov's business (*Id*., ¶ 14). Nabiullina does not allege that the work for Vladov's business was provided by NRJ: she alleges rather that, persuaded by Vladov, she stopped working for NRJ in early 2016 and started working for Vladov's business (*Id*., ¶ 19).

NY Medical's argument that NRJ is a necessary and indispensable party to Nabiullina's claims against third-party defendants is contradicted by the factual allegations made in SATPC. Contrary to NY Medical's assertions, Nabiullina does not allege that she used NRJ resources to help Vladov open his business, nor does she claim lost profits for NRJ (NY Medical's letter, p. 2). What she claims is lost personal income from her work for NRJ, similar to lost income from her work for Project Renewal (*Id*., ¶¶ 18-20, 65, 72). If there is any ambiguity on this point, it can be remedied by amending the wording of SATPC, ¶¶ 65, 72.

NY Medical's entire argument is based on the contention that "Nabiullina is requesting relief on behalf of herself and NRJ," citing to SATPC, ¶¶ 65, 72. To be clear, Nabiullina does not request any relief on behalf of NRJ. Personal damages based on lost income from NRJ, however,

*Timur Zubaydullin, Esq.*
---

are claimed only on Counts VI and VII of the SATPC.  Even if NRJ was somehow a necessary party for those claims (and it is not), it is not an indispensable party to the third-party action and dismissal of the entire third-party action would not be warranted.

> II. <u>SATPC sufficiently pleads causes of action for Indemnification (Count I), Declaratory Judgment (Count II), and Fraud (Count VII)</u>

> A. *Indemnification and Declaratory Judgment*

Rule 14(a)(1) authorizes a defending party to bring into a lawsuit "a nonparty who is or may be liable for all or part of the claim against it."  For a third-party claim, the relief sought is commonly an award in the amount of any award against the third-party plaintiff in the action or a declaration that the third-party defendant is liable for any award of that kind.  6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.).

Plaintiffs here allege that Nabiullina unlawfully obtained funds from Vladov's business, and in particular from plaintiff Applied Diagnostics Inc. ("Applied") and third-party defendants Nova and Health Services Management Inc. ("Health Services") (ECF 1, ¶¶ 15, 16).  Nabiullina denies that any funds she received from Vladov's business were obtained unlawfully and asserts that any such funds were for work she was performing for Vladov's business, which included all third-party defendants (ECF 20, ECF 49).

While Nabiullina performed work for all four entities that comprised Vladov's business, she was not necessarily compensated for her work by the specific entity for which particular work was performed.  Nabiullina may have performed work for one company but was paid by another company in Vladov's business group.  Overall, however, she was grossly underpaid for the years of work put into that business.  To the extent Applied proves that it paid Nabiullina for work that was actually performed by her on behalf of NY Medical and she is found liable for the return of that money, Nabiullina would be entitled to indemnification in that amount from NY Medical, as it would have been initially responsible to compensate her for that work.  Accordingly, Nabiullina states plausible claim for indemnification.

A third-party claim may be asserted under Rule 14 only when the third party's liability is dependent on the outcome of the main claim.  6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.).  Whether NY Medical is liable to Nabiullina for indemnification depends on whether she herself is found liable to plaintiffs on their claims stated in the complaint.  Accordingly, the parties' future rights are at stake and a claim for declaratory judgment as to whether NY Medical is liable to Nabiullina for indemnification is appropriate.  *See generally Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, 56 F.Supp.3d 576, 583-84 (S.D.N.Y.2014).

> B. *Fraud*

"[I]n order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank*,

3

*Timur Zubaydullin, Esq.*

---

*N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).  In her SATPC, Nabiullina specifies the statements that were made to her, *i.e.*, that she would be paid for her work and Vladov's business would become a family business that would support her and their family (ECF 49, ¶¶ 16, 26, 30, 33, 62, 69); identifies the speaker, Igor Vladov, acting for himself and on behalf of all third-party defendants (*Id.*, ¶¶ 27, 69); specifies where and when such statements were made (*Id.*, ¶¶ 16, 26, 30, 62, 69); and explains why the statements were fraudulent, *i.e.*, because Igor never intended to perform and knowingly misrepresented his intentions (*Id.*, ¶ 70).  Nabiullina's reliance was justifiable based on her ongoing personal relationship with Vladov and first-hand knowledge of his business.  Finally, her fraud claim is not duplicative of the contract claim: it is stated in the alternative and includes additional damages (including punitive, specifically claimed in SATPC, Request for relief no. 5).

### C. Nabiullina should be allowed to amend her third-party complaint in the event of any pleading insufficiencies

Fed. R. Civ. P. 15(a) allows for two types of pleading amendments: amendments permitted "as a matter of course" under Rule 15(a)(1), and all other amendments that require the opposing party's written consent or leave of court under Rule 15(a)(2).

A pleading may be amended once as a matter of course within "21 days after service of a motion under Rule 12(b)." Rule 15(a)(1)(B).  The specific reason for the inclusion of this right is to "force the pleader to consider … the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Rule 15, advisory committee's note on 2009 amendment.

A party may also amend a pleading with the court's leave under Rule 15(a)(2).  "The court should freely give leave when justice so requires." *Id*.  "This is a liberal and permissive standard, and the only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021) (internal quotations, brackets and citation omitted).  "[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013).

To the extent any specific claims in SATPC may fall short of the pleading requirements, Nabiullina should be allowed to further amend her third-party complaint under Rule 15(a), either as a matter of course in response to this motion to dismiss, or with leave of court as there are no grounds in this case for denying leave, such as undue delay, bad faith, dilatory motive, or futility.

Respectfully,

*/s/ Timur Zubaydullin*
Timur Zubaydullin, Esq.

CC:   All counsel (via ECF)

4