

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York
Tel: (718)-577-3301   Fax: (718)744-2455
Email: akadochnikov@sbagk.com

April 04, 2022

Hon. Judge Sanket J. Bulsara
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   **Vladov et al v. Nabiullina et al v. Nova Diagnostics Inc.  et al.**
Docket Number: **1:20-cv-04633-RRM-SJB**
Letter Requesting an Order Staying all Proceeding and Deadlines for 14 days

Dear Judge Bulsara,

I am counsel for Third-party Defendant NY Medical Healthcare Diagnostics, P.C., (hereinafter "NY Medical") in the above-captioned mater. The Third Amended Third-Party complaint was filed on March 16th ,2022 (See Docket No. 66), making any motion or responsive pleading due on April 6, 2022. Pursuant to Your Honor's February 7, 2022 minute entry order, all fact discovery concludes on April 8, 2022.

I am writing on behalf of all parties to respectfully request that the Court permit a Stay of all deadlines, proceedings, and discovery for 14 days. The parties have reached agreement in principle on the underlying matter and respectfully request a 14 day stay on all proceedings and deadlines so that the settlement agreement may be properly reduced to writing.

This is a first motion requesting the Stay.

Plaintiffs Igor Vladov and Applied Diagnostics ("Plaintiffs") filed the Complaint initiating this action on September 30, 2020. (See Docket No. 1). Thereafter, Defendant Julia Nabiullina then filed a third-Party complaint on February 19, 2021 naming third-party Defendants , Nova Diagnostics Inc., Health Services Management Inc., and NY Medical Health Care Diagnostic, P.C. (See Docket No. 21). Defendant and third-party Plaintiff Julia Nabiullina then amended the third-party complaint, most recently filing a Third Amended Third-Party Complaint on March 16, 2022 with an Answer returnable on April 6th, 2022. (See Docket No. 66).

The Court has discretion to stay an action pending before it. See *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 507 (S.D.N.Y. 2019). "[T]he power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Delgado*, 329 F.R.D. 506 at 507 *(citing Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ).

The factors relevant to the Court's decision whether to grant a stay include the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Delgado*, 329 F.R.D. 506 at 508. In analyzing these factors, "the basic goal is to avoid prejudice." *Id* (citing *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F.Supp.2d 295, 304 (S.D.N.Y. 2009) (collecting cases) (quoting *LaSala*, 399 F.Supp.2d at 427)).

I have communicated with Plaintiff and Defendants' counsel and all parties are in agreement that all deadlines, with the deadline for an Answer currently in place for April 6TH and the deadline for discovery in place for April 8TH, 2022, should be extended by 14 days from today's date. Accordingly, the parties jointly are respectfully requesting that all proceedings and deadlines be extended by 14 days changing the current deadline for fact discovery from April 8TH, 2022 to April 22, 2022 and extending the deadline for Answer or a pre-Answer motion from April 6TH, 2022 to April 20$^{TH,}$ 2022.

As such, the undersigned attorney on behalf of all parties to the above-captioned action, respectfully move the Court for an order staying all proceedings and deadlines for an additional 14-days, pursuant to Federal Rule of Civil Procedure 26 and the Court's inherent power to control its docket. In support of its motion, the Parties state as follows:

The parties agree that a stay of 14 days will not prejudice, nor present a tactical advantage to either party. Moreover, the Parties agree that a stay is warranted under the circumstances present here to allow the settlement of the underlying matter to be finalized. The Parties submit that good cause exists for the requested 14-day extension of the stay for the reasons stated above.

WHEREFORE, the Parties respectfully request that the Court grant this motion and issue an Order staying this action for an additional 14-days.

We thank the Court for its time and effort in consideration of this matter.

Respectfully submitted,

_____
Alexander Kadochnikov, Esq.